Karen I. Gold (State Bar No. 258360)
kgold@blackstonepc.com
Marissa M. Mayhood (State Bar No. 334376)
mmayhood@blackstonepc.com
Noam Y. Reiffman (State Bar No. 299446)
nreiffman@blackstonepc.com
Sara Pezeshkpour (State Bar No. 260240)
spezeshkpour@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278 / Facsimile: (855) 786-635

*Attorneys for* Plaintiff EDUARDO HURTADO, individually, and on behalf of other similarly situated employees

*(Appearances continued below)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDUARDO HURTADO and STANTON WOOD, individually, and on behalf of other similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>ENTEGRIS, INC.; and DOES 1 through 25, inclusive,<br><br>Defendants. | **Case No.: 3:25-CV-08603-JD**<br><br>Hon. James Donato<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT**<br>**(1) Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1, 558(Minimum Wages)**<br>**(2) Violation of Cal. Labor Code §§ 510, 1194, 1194.2, and 1198, (Unpaid Overtime)**<br>**(3) Violation of Cal. Labor Code §§ 226.7 and 512(a), 558 (Meal Break Violations)**<br>**(4) Violation of Cal. Labor Code §** |

**226.7 (Rest Break Violations)**

**(5) Violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**

**(6) Violation of Cal. Labor Code § 226(a), 1174(d) (Wage Statement Violations)**

**(7) Violation of Cal. Labor Code §§ 201, 202, and 203 (Untimely Final Wages)**

**(8) Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**

**DEMAND FOR JURY TRIAL**

Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
Nidah Farishta, CSBN 312360
*Nidah@OLFLA.com*
**OTKUPMAN LAW FIRM, A LAW CORPORATION**
5743 Corsa Ave., Suite 123,
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff,
Stanton Wood, on behalf of himself and all
others similarly situated, and on behalf of the general public

Plaintiffs EDUARDO HURTADO, STANTON WOOD ("Plaintiffs"), individually, and on behalf of other similarly situated employees, alleges as follows against Defendant ENTEGRIS, INC., and DOES 1 through 25, inclusive (collectively, "Defendants"):

## INTRODUCTION

1. This is a class action to recover damages on behalf of Plaintiffs and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2. Plaintiffs allege that Defendants hired Plaintiffs and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, and failed to reimburse them for necessary business expenses.

3. As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 204, 226(a),(e), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, 2802, 558, 1194.2, 1174(d), 210, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4. This action was originally filed as a class action lawsuit pursuant to Cal. Code of Civ. Proc. § 382 in the Superior Court of California, County of Alameda.

5. On or around October 8, 2025, Defendants removed this action to the United States District Court for the Northern District of California pursuant to the Class

Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1441, 1446, and 1453.

6. Venue is proper in this District pursuant to 28 U.S.C. §1441(a) because this District includes the County of Alameda, where the action was originally filed.

## THE PARTIES

7. At all times herein mentioned, Plaintiffs EDUARDO HURTADO and STANTON WOOD are and were individuals residing in the State of California.

8. At all times herein mentioned, Defendant ENTEGRIS, INC. was and is an employer who does business in California, with locations throughout the State of California, and whose employees are engaged throughout Alameda County and the State of California, including at 46716 Lakeview Blvd. Fremont, CA 94538.

9. Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and serve such fictitiously named Defendants once their names and capacities become known.

10. Plaintiffs are informed and believes, and thereon alleges, that the acts and omissions alleged herein were performed by, or are attributable to defendant ENTEGRIS, INC. and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in accordance with Defendants' official policies.

11. At all relevant times, Defendants were the employers of Plaintiffs and the other Class Members within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs and the other Class Members so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

/ / /

12. Defendants had the authority to hire and terminate Plaintiffs and the other Class Members, to set work rules and conditions governing Plaintiffs and the other Class Members' employment, and to supervise their daily employment activities.

13. Defendants exercised sufficient authority over the terms and conditions of Plaintiffs and the other Class Members' employment for them to be joint employers of Plaintiffs and the other Class Members.

14. Defendants directly hired and paid wages to Plaintiffs and the other Class Members.

15. Defendants continue to employ hourly paid and/or non-exempt employees who reside in California within the State of California.

16. At all relevant times, Defendants, and each of them, ratified each act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

17. Plaintiffs are informed and believes, and thereon alleges, that each Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## GENERAL ALLEGATIONS

### A. Plaintiff Eduardo Hurtado

18. Plaintiff EDUARDO HURTADO worked for Defendants from approximately August 2021 through approximately April 2025 as a Technician. Defendants jointly and severally employed EDUARDO HURTADO. EDUARDO HURTADO performed various duties for Defendants including, among other things, processing purifiers and other materials, sandblasting, and shipping products. At all times relevant herein, EDUARDO HURTADO was a non-exempt, hourly-paid employee.

19. On information and belief, at all times relevant herein, EDUARDO HURTADO's hourly wage was approximately $28.95.

20. Throughout his employment with Defendants, Plaintiff EDUARDO HURTADO was generally scheduled to work 10 to 11 hours per day, six (6) days per week, for a total of sixty (60) hours per week. Typically, Plaintiff EDUARDO HURTADO worked Monday through Friday from about 5:00 a.m. to 4:00 p.m., and Saturdays from about 4:00 a.m. to 10:00 a.m.

21. Throughout his employment with Defendants, Plaintiff EDUARDO HURTADO often was not afforded compliant meal breaks, nor was he paid meal break premiums. At least once per week throughout his employment with Defendants, Plaintiff EDUARDO HURTADO was forced to work through his meal breaks and/or to take late meal breaks due to the amount of work he was expected to complete per shift, and due to the nature of the work, which involved time-sensitive tasks which, once begun, could not be interrupted. At least once per week while he was employed by Defendants, Plaintiff EDUARDO HURTADO would have to "clock out" for a meal break but continue working. Plaintiff EDUARDO HURTADO is informed and believes, and thereupon alleges, that Defendants knew or should have known that Plaintiff was not receiving compliant meal breaks because, among other things, Plaintiff EDUARDO HURTADO's supervisors instructed him to "clock out" but continue working on time-sensitive tasks, and/or to work though his meal breaks.

22. At least once per week throughout his employment with Defendants, if and when Plaintiff EDUARDO HURTADO did take meal breaks, his meal breaks were routinely interrupted by his co-workers or supervisors who sought to ask him questions or obtain his assistance with tasks.

23. In addition, throughout his employment with Defendants, about once or twice each quarter, Plaintiff EDUARDO HURTADO experienced meal breaks that were interrupted due to equipment malfunctions, gas leaks, or similar emergencies.

24. In addition, throughout his employment with Defendants, Plaintiff EDUARDO HURTADO is informed and believes, and thereupon alleges, that Defendants automatically deducted about thirty (30) minutes from his timecards for

"meal breaks," regardless of whether a fully uninterrupted break was actually taken. Plaintiff EDUARDO HURTADO is informed and believes, and thereupon alleges, that such automatic deduction occurred each pay period.

25. Throughout his employment with Defendants, Plaintiff EDUARDO HURTADO often was not afforded compliant rest breaks, nor was he paid rest break premiums. Plaintiff EDUARDO HURTADO only received two rest breaks, instead of the three rest breaks required by California law for his shift length.

26. Further, at least once per week throughout his employment with Defendants, Plaintiff EDUARDO HURTADO had to work between 10 and 30 minutes after clocking out at the end of his shift to assist with vessel processing at the request of his supervisors. Plaintiff EDUARDO HURTADO also engaged in almost daily, off-duty work communications, requiring 5 to 15 minutes of response time while off the clock.

27. Plaintiff EDUARDO HURTADO is informed and believes, and thereupon alleges, that he suffered at least one of the aforementioned meal and/or rest break violations ***on each and every pay period/workweek while he was employed by Defendants.***

28. Additionally, throughout his employment with Defendants, Plaintiff EDUARDO HURTADO paid for a personal cell phone and mobile data plan while employed by Defendants.

29. On a daily basis, Plaintiff EDUARDO HURTADO was required by his supervisor(s) and manager(s) to, and did, take and share videos using his personal cell phone of machinery and equipment to confirm Plaintiff HURTADO was following proper procedures.

30. On a daily basis, Plaintiff EDUARDO HURTADO was required by his supervisor(s) and manager(s), and did, take and share videos using his personal cell phone of machinery and equipment to confirm the machinery and equipment was functional.

31. Plaintiff EDUARDO HURTADO'S supervisor(s) and manager(s) required Plaintiff to download a mobile app on his personal cell phone to document and/or engage in employment-related tasks.

32. Plaintiff EDUARDO HURTADO did in fact download a mobile app on his personal cell phone and used it daily to document and/or engage in employment-related tasks.

33. Plaintiff EDUARDO HURTADO'S supervisor(s) and manager(s) knew or reasonably should have known that Plaintiff HURTADO was incurring cell phone expenses for the workplace use of his personal cell phone on a monthly basis.

34. Plaintiff EDUARDO HURTADO requested his supervisor(s) and manager(s) reimburse him for his cell phone expenses incurred while working for Defendants, however Plaintiff HURTADO was not reimbursed for his cell phone expenses while working for Defendants.

35. Plaintiff EDUARDO HURTADO is also informed and believes, and thereupon alleges, that his experiences, which are described above, were shared by the Class Members.

**B. Plaintiff STANTON WOOD**

36. Plaintiff STANTON WOOD worked for Defendants from approximately January 2023 through approximately October 2024 as a Welder II. Defendants jointly and severally employed STANTON WOOD. STANTON WOOD performed various duties for Defendants including, among other things, welding products to the standard and inspecting others' work.

37. Plaintiffs are informed and believes, and thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring Plaintiffs and the other Class Members to work off-the-clock without compensation, failing to properly pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled and failing to pay

meal and rest break premiums when due, failing to timely pay wages during employment and upon termination of employment, failing to provide accurate wage statements, failing to reimburse necessary business-related expenses, and failing to adhere to other related protections afforded by the California Labor Code and the applicable IWC Wage Order.

38. Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other Class Members pursuant to California law. Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this lawsuit as a class action on behalf of Plaintiffs and all others similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure section 382. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under California Code of Civil Procedure section 382.

40. The proposed **Class** is defined as follows:

> **All current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

41. The proposed **Former Employee Sub-Class** is defined as follows:

> **All former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment.**

/ / /

42. Plaintiffs reserve the right to establish additional subclasses as appropriate.

43. There is a well-defined community of interest in this litigation and the Class is easily ascertainable. While the exact number and identities of Class Members are currently unknown to Plaintiffs, such information can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

44. The Class is so numerous that the individual joinder of all its members is impracticable.

45. Common questions of fact and law exist as to all Class Members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from Class Member to Class Member, and which may be determined without reference to the individual circumstances of any Class Member include the following:

i. Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiffs and the other Class Members for all hours worked;

ii. Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiffs and the other Class Members for all overtime hours worked;

iii. Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiffs and the other Class Members;

iv. Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiffs and the other Class Members;

v. Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late, and/or interrupted meal periods and rest breaks;

vi. Whether Defendants failed to timely pay all wages due to Plaintiffs and the other Class Members during their employment;

vii. Whether Defendants' failure to pay wages, without abatement or

reduction, in accordance with the California Labor Code, was willful;

viii. Whether Defendants failed to pay all wages due to Plaintiffs and the other Class Members within the required time upon their discharge or resignation;

ix. Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

x. Whether Defendants failed to reimburse Plaintiffs and the other Class Members for necessary business-related expenses and costs;

xi. Whether Defendants' conduct was willful or reckless;

xii. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq*.;

xiii. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xiv. Whether Plaintiffs and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

46. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs' interests are coincident with and not antagonistic to those of the other Class Members Plaintiffs seek to represent. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions and Plaintiffs intend to prosecute this action vigorously.

47. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, and/or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast,

the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

48. Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the Class Members who are not named in the complaint anonymity that allows for the vindication of their rights.

## FIRST CAUSE OF ACTION

**VIOLATION OF CAL. LABOR CODE §§ 1194, 1194.2, 1197, and 1197.1**

**Failure to Pay Minimum Wage**

**(Against All Defendants)**

49. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

50. California Labor Code sections 1194, 1194.2, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiffs and the other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking in or after clocking out for their shifts, such that they were not paid minimum wage for all hours worked.

51. Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiffs and the other Class Members for all hours they worked in violation of California Labor Code sections 1194, 1194.2,1197, and 1197.1.

52. Defendants knew or should have known that Plaintiffs and the other Class Members were performing such work "off-the-clock" because, among other things, Defendants' management witnessed, authorized, was made aware of, and/or required Plaintiffs and Class Members to perform such work.

53. Defendants' failure to pay Plaintiffs and the other Class Members the

minimum wage as required violates California Labor Code sections 1194, 1194.2,1197, and 1197.1. Pursuant to those sections, Plaintiffs and the other Class Members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

54. Pursuant to California Labor Code section 1194.2, Plaintiffs and the other Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 510 and 1198**

**Unpaid Overtime**

**(Against All Defendants)**

55. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

56. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons for extended periods of time without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

57. Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiffs and the other Class Members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek.

58. The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiffs and the other Class Members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

59. California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

60. Plaintiffs and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiffs' and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiffs and the other Class Members. Defendants' failure to pay correct overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order; (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight time; (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiffs and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work; and (d) when Defendants failed to include all required wages and renumeration when calculating setting the overtime rate.

61. Defendants' failure to pay Plaintiffs and the other Class Members as outlined above violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is therefore unlawful.

62. Pursuant to California Labor Code section 1194, Plaintiffs and the other Class Members are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 226.7, 512(a), and 558**

**Meal Break Violations**

**(Against All Defendants)**

63. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

64. California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order govern Plaintiffs' and the other Class Members' employment by Defendants.

65. California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC Order.

66. The applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

67. The applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

68. Plaintiffs and the other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours

without an uninterrupted meal period of not less than thirty (30) minutes.

69. Plaintiffs and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

70. Defendants intentionally and willfully required Plaintiffs and the other Class Members to work during meal periods and failed to compensate Plaintiffs and the other Class Members for work performed during meal periods. This includes, among other things, requiring Plaintiffs and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiffs and Class Members to take late lunch breaks, permitting and/or requiring Plaintiffs and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiffs and Class Members during their lunch breaks, failing to relieve Plaintiffs and Class Members of all duties during their lunch breaks, and restricting Plaintiffs and Class Members from leaving the premises during their lunch breaks.

Defendants adjusted Plaintiffs' and the other Class Members' timesheets and/or required Plaintiffs and the other Class Members to adjust their timesheets to appear as if compliant meal periods were taken. Defendants required Plaintiffs and the other Class Members to clock-out for purported meal periods but continue working to appear as if compliant meal periods were taken. Defendants automatically deducted time from Plaintiffs' and the other Class Members' timesheets for purported meal periods regardless of whether compliant meal periods were taken.

71. During the relevant time period, Defendants failed to pay Plaintiffs and the other Class Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating

regular rates of pay for meal period premiums and/or merely using straight time pay to calculate regular rates of pay for meal period premiums.

72. Defendants' conduct therefore violates the applicable IWC Wage Order and California Labor Code sections 226.7, 512(a), and 558.

73. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a compliant meal period was not provided as well as interest thereon.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE § 226.7 and 558**

**Rest Break Violations**

**(Against All Defendants)**

74. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

75. California Labor Code section 226.7 and the applicable IWC Wage Order govern Plaintiff and the other Class Members' employment by Defendants.

76. California Labor Code section 226.7, 558 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

77. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

78. Defendants routinely required Plaintiffs and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a

compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

79. Moreover, Defendants willfully required, suffered, and permitted Plaintiffs and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiffs and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks.

80. As a result, Plaintiffs worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

81. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

82. Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiffs and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7, 558 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest period premiums.

83. Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiffs and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not provided as well as interest thereon.

/ / /

/ / /

/ / /

**FIFTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 204 and 210**

**Wages Not Timely Paid During Employment**

**(Against All Defendants)**

84. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

85. California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed.

86. California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

87. California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

88. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to timely pay Plaintiffs and the other Class Members all wages due to them within the period permissible under California Labor Code section 204.

89. Plaintiffs and the other Class Members are entitled to recover all available remedies for Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to California Labor Code section 210(b).

///

///

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE § 226(a) and 1174(d)**

**Wage Statement Violations**

**(Against All Defendants)**

90. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

91. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of its employees an accurate itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, total hours worked, and all applicable hourly rates.

92. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and willfully failed to provide Plaintiffs and the other Class Members with complete and accurate wage statements. The deficiencies include, among other things, the failure to state all hours worked, the failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code 226(a).

93. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and the other Class Members have suffered injury and damage to their statutorily protected rights.

94. Specifically, Plaintiffs and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent

of the underpayment. Plaintiffs had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiffs would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

95. Defendants knowingly and intentionally failed to provide Plaintiffs and Defendant's California employees timely, accurate, itemized wage statements in accordance with Labor Code § 226 and keep accurate records and required by §1174(d). The statements provided to Plaintiffs and Defendant's California employees, and the records maintained by Defendants, have not accurately reflected actual gross wages earned, including pay for all hours worked, overtime, and meal/rest premiums, and total hour worked.

96. Plaintiffs and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE §§ 201, 202, and 203

## Untimely Final Wages

## (Against All Defendants)

97. Plaintiffs incorporate by reference the allegations in all preceding paragraphs.

98. Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of

discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

99. California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

100. As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiffs and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiffs and Class Members as they became due, as required per California Labor Code section 204.

101. As a result, Plaintiffs and the other Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

## <u>EIGHTH CAUSE OF ACTION</u>

## VIOLATION OF CAL. LABOR CODE §§ 2800 and 2802

## Failure to Reimburse Necessary Business Expenses

## (Against All Defendants)

102. Plaintiffs incorporate by reference the allegations in all preceding

paragraphs.

103. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of the employee's job duties or in direct consequence of the employee's job duties or in direct consequence of the employee's obedience to the directions of the employer.

104. Plaintiffs and the other Class Members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

105. Defendants intentionally and willfully failed to reimburse Plaintiffs and the other Class Members for all necessary business-related expenses and costs. Plaintiffs and the other Class Members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as the representatives of the Class;

3. That counsel for Plaintiffs be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel the names and most current/last known contact information (addresses, e-mails, and telephone numbers) of all Class Members.

### As to the First Cause of Action

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay

minimum wages to Plaintiffs and the other Class Members;

6. For general unpaid wages and such general and special damages as may be appropriate;

7. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiffs and the other Class Members in the amount as may be established according to proof at trial;

8. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

9. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

10. For liquidated damages pursuant to California Labor Code section 1194.2; and

11. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

12. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiffs and the other Class Members;

13. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

14. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

16. For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order by

willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other Class Members;

18. For premium wages pursuant to California Labor Code section 226.7(c);

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For pre-judgment interest on any unpaid wages from the date such amounts were due;

21. For reasonable attorneys' fees and costs of suit incurred herein; and

22. For such other and further relief as the Court may deem just and proper.

**As to the Fourth Cause Action**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods to Plaintiffs and the other Class Members;

24. For premium wages pursuant to California Labor Code section 226.7(c);

25. For all actual, consequential, and incidental losses and damages, according to proof;

26. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

27. For such other and further relief as the Court may deem just and proper.

**As to the Fifth Cause of Action**

28. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiffs and the other Class Members;

29. For statutory penalties pursuant to California Labor Code section 210; and

30. For such other and further relief as the Court deems just and proper.

**As to the Sixth Cause of Action**

31. That the Court declare, adjudge, and decree that Defendants violated the

provisions of California Labor Code section 226(a) as to Plaintiffs and the other Class Members, and willfully failed to provide accurate itemized wage statements to them;

32. For actual, consequential, and incidental losses and damages, according to proof;

33. For statutory penalties pursuant to California Labor Code section 226(e);

34. For statutory penalties pursuant to California Labor Code section 1174(d);

35. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

36. For such other and further relief as the Court may deem just and proper.

**<u>As to the Seventh Cause of Action</u>**

37. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other Class Members no longer employed by Defendants;

38. For all actual, consequential, and incidental losses and damages, according to proof;

39. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other Class Members who have left Defendants' employ;

40. For pre-judgment interest on any unpaid compensation from the date due; and

41. For such other and further relief as the Court may deem just and proper.

**<u>As to the Eighth Cause of Action</u>**

42. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse

Plaintiffs and the other Class Members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

43. For actual, consequential, and incidental losses and damages, according to proof;

44. For the imposition of civil penalties and/or statutory penalties;

45. For reasonable attorneys' fees and costs of suit incurred herein; and

46. For such other and further relief as the Court may deem just and proper.

Dated: April 17, 2026

**BLACKSTONE LAW, APC**

By: */s/ Karen I. Gold*

Karen I. Gold, Esq.
Marissa M. Mayhood, Esq.
Noam Y. Reiffman, Esq.
Sara Pezeshkpour, Esq.
*Attorneys for Plaintiff EDUARDO HURTADO, individually, and on behalf of other similarly situated employees*

Dated: April 17, 2026

**OTKUPMAN LAW FIRM, ALC**

By: */s/ Roman Otkupman*

Roman Otkupman, Esq.
Nidah Farishta, Esq.
*Attorneys for Plaintiff STANTON WOOD, individually, and on behalf of other similarly situated employees*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

Dated: April 17, 2026

**BLACKSTONE LAW, APC**

By: */s/ Karen I. Gold*

Karen I. Gold, Esq.
Marissa M. Mayhood, Esq.
Noam Y. Reiffman, Esq.
Sara Pezeshkpour, Esq.

*Attorneys for Plaintiff EDUARDO HURTADO, individually, and on behalf of other similarly situated employees*

Dated: April 17, 2026

**OTKUPMAN LAW FIRM, ALC**

By: */s/ Roman Otkupman*

Roman Otkupman, Esq.
Nidah Farishta, Esq.

*Attorneys for Plaintiff STANTON WOOD, individually, and on behalf of other similarly situated employees*